FILED: 6/29/05
U.S. DISTRICT COURT
EASTERN DISTRICT COURT
DAVID J. MALAND, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| VS. | § CRIMINAL ACTION NO. 1:93cv34(1) |
| LUES ASPRELLA CARDENAS | § |

MEMORANDUM OPINION AND ORDER

Defendant Lues Asprella Cardenas, a prisoner confined in the Federal Correctional Institution in Memphis, Tennessee, proceeding *pro se*, filed this Motion to Modify and Correct Illegal Sentence pursuant to 18 U.S.C. § 3582.

Factual Background and Prior Proceedings

On September 15, 1993, following a jury trial in the Eastern District of Texas, Defendant was convicted of Possession with Intent to Deliver a Controlled Substance, in violation of 21 U.S.C. § 841(a)(1). On November 15, 1993, Defendant was sentenced to a term of life imprisonment, 10 years supervised release, and a $50.00 special assessment.

Defendant appealed his conviction and sentence to the United States Court of Appeals for the Fifth Circuit. On August 12, 1994, the court of appeals affirmed the conviction and sentence. Defendant did not file a petition for writ of certiorari.

Defendant has filed three previous Motions to Vacate Sentence.[1] On June 9, 2004, the United States Court of Appeals for the Fifth Circuit denied Defendant's request for an order authorizing this court to consider a successive Motion to Vacate Sentence.

## The Motion

Defendant brings the present motion to correct sentence pursuant to 18 U.S.C. § 3582, alleging his sentence was unlawfully enhanced based on the use of affidavits from three police officers. Defendant references *Taylor v. United States*, 495 U.S. 575 (1990) (determining that a court may look to the indictment or information and the jury instructions of a prior conviction to determine if it can be used for enhancement purposes under the Armed Career Criminal Act ("ACCA")) and the recent Supreme Court decision in *Shepard v. United States*, 544 U.S. __, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005) (holding that a trial court may not look to police reports or complaint applications of a prior plea to determine if the prior conviction may be used to enhance a sentence under the ACCA, but concluding that a trial court may examine the statutory

---

[1] *See Cardenas v. United States*, Civil Action No. 1:99cv486 (E.D. Tex. Aug. 23, 1999); *Cardenas v. United States*, Civil Action No. 1:00cv534 (E.D. Tex. June 16, 2003); and *Cardenas v. United States*, Civil Action No. 1:04cv458 (E.D. Tex. July 28, 2004).

definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented).

## Analysis

"A district court is authorized to modify a Defendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so," so "[a] district court does not have inherent power to resentence defendants at any time." *United States v. Blackwell*, 81 F.3d 945, 947, 949 (10th Cir.1996) (quotations omitted). Title 18 U.S.C. § 3582(c) provides only three jurisdictional grants under which a court may "modify a term of imprisonment once it has been imposed." A court may modify a sentence: (1) in certain circumstances "upon motion of the Director of the Bureau of Prisons"; (2) "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure"; or (3) in cases where the applicable sentencing range "has subsequently been lowered by the Sentencing Commission." *Id.* at § 3582(c)(1)(A), (c)(1)(B), (c)(2). Option one is inapposite to the resentencing requested by Defendant because there is no motion by the Director of the Bureau of Prisons.

Option two offers Fed.R.Crim.P. 35 as a potential source of authority to support the modification of Defendant's sentence.

3

FED.R.CRIM.P. 35 empowers a court to correct or reduce a Defendant's sentence in two specified instances. Section (a) provides that "[w]ithin 7 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." FED.R.CRIM.P. 35(a). Defendant's motion comes more than eleven (11) years after his sentence was imposed. Thus, section (a) is inapposite. Section (b) grants a court authority to reduce a sentence to reflect a defendant's post-sentencing substantial assistance. FED.R.CRIM.P. 35(b). Thus, section (b) also is inapposite to the instant case.

Section (c)(2) offers the final potential source of authority to support modification of Defendant's sentence pursuant to 18 U.S.C. § 3582. Title 18 U.S.C. § 3582(c)(2) provides in pertinent part the following:

> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

As set forth above, the defendant relies on the Supreme Court decisions in *Taylor v. United States* and *Shepard v. United States*.

These cases were pronouncements of the United States Supreme Court and not the United States Sentencing Commission.  Thus, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) is not authorized.  Therefore, Defendant's motion to reduce sentence pursuant to 18 U.S.C. § 3582 should be denied.

In other circumstances the court might construe Defendant's motion as a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.  However, as Defendant has filed three previous such motions, this court is without jurisdiction to entertain a § 2255 motion without Defendant first obtaining permission from the Fifth Circuit Court of Appeals for this court to entertain a second or successive motion.  *See* 28 U.S.C. § 2255.

ORDER

For the reasons set forth above, Defendant's motion to correct sentence should be denied.  It is therefore

**ORDERED** that the Defendant's motion to correct sentence is **DENIED**.

**SIGNED this the 29th day of June, 2005.**

_Richard A. Schell_
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE